# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CAMPANELLA D'ANGELO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV608-055 |
| SHERIFF MIKE KILES, and SCREVEN COUNTY, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On September 24, 2008, the Court ordered plaintiff to show cause why his case should not be dismissed for his failure to answer truthfully the question on his civil complaint form which inquired about his prior lawsuits. (Doc. 14.) In his response to that Order, plaintiff argues that the language used in the question was ambiguous and misleading, and also that his stroke has affected his ability to remember past lawsuits. (Doc. 15.) Plaintiff's response is

not convincing, and the Court finds that he has failed to show just cause for his blatant deception regarding his filing history. This case, therefore, should be **DISMISSED** without prejudice and should be deemed to qualify as a "strike" for purposes of 28 U.S.C. § 1915(g).

Question I(B) of the standard form complaint requires prisoners to disclose whether they have brought any other federal lawsuits while incarcerated. (Doc. 1 at 2-3.) Under penalty of perjury, plaintiff indicated that he had not. (Id.) The Court, however, is aware of at least four other federal cases that he failed to disclose. D'Angelo v. Superior Court of Screven County, No. CV608-033 (S.D. Ga. filed May 7, 2008);[1] D'Angelo v. Bradley, No. CV397-046 (S.D. Ga. filed Aug. 5, 1998); D'Angelo v. Farris, No. CV396-032 (S.D. Ga. filed June 7, 1996); D'Angelo v. Thornburgh, No. CV692-008 (S.D. Ga. filed Feb. 10, 1992). The Court is not convinced that his stroke caused him to forget those cases, nor does

---

[1] Plaintiff states in his response to the Court's show cause order that because the initial filing he made in D'Angelo v. Superior Court of Screven County was styled as a "motion to transfer," it would not qualify as a previous "lawsuit" that must be disclosed in response to Question I(B). (Doc. 15 at 1-2.) The Court declines to undertake an analysis of such a meticulous semantics-focused argument, as plaintiff failed to list three other civil cases that clearly qualify as "lawsuits."

2

the fact that he "does not have his copies of actions of 1998 and 1996 and 1992 with him" discharge his responsibility to report those cases. (Doc. 15 at 3.) Moreover, his personal opinion that he "would have never thought . . . that the Court was concern [sic] with closed-actions of ten years or sixteen years ago" has no effect, as a litigant should not rely on his personal opinion of how much of the requested information the Court really needs, especially where the form question propounded by the Court clearly does not limit its inquiry to pending or recent cases.[2] Accordingly, the Court finds that plaintiff has purposefully attempted to disguise his filing history.

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v.Castro, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for

---

[2] Plaintiff also argues that he should not be expected to list lawsuits from 1992 through 1998 because the language used in question I(B) "denotes the present time revolving around this action now" and it "does not specifically ask the question of 'lawsuits while detained or incarcerated in the past 20 years.'" (Doc. 15 at 2.) This argument is utterly without merit, as the language of question I(B) is intentionally unlimited and couched in general terms because its purpose is to elicit an exhaustive list of the prisoner's past lawsuits.

sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Plaintiff clearly had not forgotten the fact that he had initiated previous civil suits as a prisoner. His explanation for failing to disclose any of his federal filing history is comprised of transparent fabrications and unconvincing and groundless arguments about the "ambiguousness" of the questions. (Doc. 15 at 3-4.) Given plaintiff's dishonesty in his sworn complaint, this case should be **DISMISSED** without prejudice. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about

the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007); Williams v. Brown, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); Gillilan v. Walker, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[3] The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the

---

[3] In Rivera, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id.

5

Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for criminal prosecution.

**SO REPORTED AND RECOMMENDED** this  18th  day of December, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA